PEOPLE, PLAINTIFF AND APPELLEE, v. AMOROS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in a Prosecution for Violation of the Excise-Tax Law.

No. 2004.—Decided February 15, 1923.

VENUE—EVIDENCE.—Although the venue need not be proved by direct and positive evidence, circumstantial evidence being sufficient to determine the place where the crime was committed, yet such evidence must be clear and convincing in order that it may support a judgment of conviction.

The facts are stated in the opinion.
*Mr. M. A. Martínez* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was convicted, first in the municipal court and later in the district court, of an offense alleged to have been committed within the municipal district of Guayama.

The theory of the second assignment of error is that there was no proof of the venue.

Upon this point we were assured by the brief of the government that the testimony would show all the witnesses to be residents of Guayama, that an insular policeman who appeared as witness was on duty in Guayama, and that, in addition to all this, certain details in the evidence would disclose that the offense was committed in Guayama.

It is true that the policeman at the time of the trial in the district court, more than a year after the date laid in the complaint and mentioned in his testimony, said, using the present tense, that he was on duty in Guayama; but he did not say how long he had been stationed in Guayama, nor that he was on duty in Guayama at the time of the event described by him. There was no other witness for the prosecution, and there is nothing more definite in the testimony of the policeman on the question of venue.

The defendant took the stand, but through inadvertence or otherwise omitted all reference to the geographical location of his domicile.

Another witness said that he lived on Hostos Street and that defendant was his neighbor, but neglected to name the town.

The next and last witness goes so far as to say that he lives in Guayama and, on cross-examination, explains that he was accustomed to visit the house of defendant because they were neighbors. This, of course, does not imply necessarily that the witness lived within the urban limits or town proper, nor that defendant resided within the geographical boundaries of the municipality.

If there are any other more significant details they have escaped our notice, notwithstanding a reasonably careful perusal of the testimony.

As pointed out in *People* v. *Llabrés*, 29 P. R. R. 697, and

in the paragraph from Underhill on Criminal Evidence, there quoted:

"The venue need not be proved by direct and positive evidence. It is sufficient if it may be reasonably inferred from the facts and circumstances which are proven and are involved in the criminal transaction. It is enough if it may be inferred from the circumstances by the jury that the crime was committed in the county alleged in the indictment."

But in the *Llabrés Case,* as shown by the opinion, the circumstances were such and so numerous as to leave little or no room for any reasonable doubt that the offense had in fact been committed within the jurisdiction. And, whether or not all such doubt must be dispelled, the defendant is entitled at least to clear and convincing proof in this regard.

In Bishop's New Criminal Procedure, volume 1, section 384, we find the following somewhat conservative statement:

"As in other issues, the proof is not required to be delivered in the words of the indictment; any ordinary evidence suffices, which, in fact, leads the jury to the conclusion, beyond, it is perhaps commonly assumed, a reasonable doubt. We have some authority for saying that the doctrine of reasonable doubt does not extend to this issue, being only jurisdictional; but the reason of the doctrine seems fairly well to cover it, and the question merits, at least, a full consideration."

In the instant case the witness last above mentioned fixes his residence in Guayama as of the time of the trial, and does not say, in so many words, even that he lived in Guayama at the time of the offense. The inference from such testimony that defendant lived in Guayama more than a year previous to the date of the trial is entirely too remote and speculative to support a conviction. The proof of venue in most, if not in all, cases is very simple and involves no great hardship. But, even otherwise, in the absence of such proof the defendant ought not to be convicted. The line

must be drawn somewhere in matters of this kind and prose-
cuting attorneys should not rely entirely upon this court to
sustain every judgment in a criminal case, regardless of the
manner in which the same is conducted, merely because the
defendant is shown to have committed an offense.

The judgment appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and
Franco Soto concurred.